IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIA SPENCER,
    Plaintiff

v.

WARDEN WILLIAM CAMPBELL, et al.,
    Defendants

3:15-cv-1584

(Judge Mariani)

FILED
SCRANTON
OCT 0 9 2015
PER ___
DEPUTY CLERK

## MEMORANDUM

### I. Background

On August 13, 2015, Plaintiff, Maria Spencer, an inmate formerly confined at the Columbia County Prison in Bloomsburg, Pennsylvania,[1] initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court has not yet entered an Order directing service of the original complaint.

Presently pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 13). Review of the proposed amended complaint reveals that Plaintiff includes a host of unrelated claims against several individuals at different facilities. (Doc. 14). Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Plaintiff's motion for leave to amend will be conditionally granted. Plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20,

---

[1] Plaintiff is currently confined at the State Correctional Institution, Muncy, Pennsylvania ("SCI-Muncy"). See (Doc. 7).

Permissive Joinder of Parties.

## II. Discussion

The filing of an amended complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). This Court's Local Rules require that a proposed amended pleading must accompany a motion. *See* M.D. Pa. Local Rule 15.1(a). The "amended pleading must be retyped or reprinted so that it will be complete in itself." *Id.*

The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Breiner v. Litwhiler*, 245 F. Supp. 2d 614, 623 (M.D. Pa. 2003) (citing *Dover Steel Co., Inc. v. Hartford Accident*

2

*and Indent.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993)). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Based on the procedural history of this case, the Court finds that Plaintiff may file an amended complaint as a matter of course. The complaint in this action was filed on August 13, 2015, and service of the complaint has not yet been directed. Plaintiff has also submitted a proposed amended pleading for the Court's review. (Doc. 14).

### III. **Proposed Amended Complaint**

#### A. *Applicable Rules of Pleading*

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;

and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

B. *Discussion*

Plaintiff's proposed amended complaint violates Federal Rules of Civil Procedure 8 and 20. Named as Defendants are: William Campbell, Warden at the Columbia County Prison; David Varano, Deputy Warden at the Columbia County Prison; Steven Kramm, physician at the Columbia County Prison; Shawn McGlaughlin, physician at the Columbia County Prison; Lotti Neufenhowser, registered nurse supervisor at the Columbia County Prison; and Robert Smith, deputy for facility management at SCI-Muncy. (Doc. 14 at 2-3).

Initially, Plaintiff alleges that she received inadequate medical treatment while confined at the Columbia County Prison. (*Id.* at 4). Plaintiff then proceeds to allege that she received inadequate medical treatment at SCI-Muncy. (*Id.* at 5-6). She alleges that Defendant Smith, at SCI-Muncy, placed her in the infirmary, and restricted her access to blood glucose tests and insulin. (*Id.* at 5). Plaintiff next asserts that she is not able to speak

4

to other inmates, she is confined to her cell for several hours at a time, and she is "unable to eat when she wants to eat."[2] (*Id.* at 5-7). Additionally, she sets forth conditions of confinement claims, and alleges inadequate access to the law library.[3] (*Id.* at 10-14). Moreover, Plaintiff makes several allegations against "the Defendant", without naming a particular Defendant. (*Id.* at 6, 8, 10-13). Further, Plaintiff sets forth allegations against the "Defendants Physician" [sic], without further clarification. (*Id.* at 19-20).

Lastly, Plaintiff seeks declaratory and injunctive relief against all Defendants. (*Id.* at 22). Specifically, Plaintiff requests that the Court order Defendant Campbell, Warden at the Columbia County Prison, "to provide an adequate law library and eliminate the over-crowding in the Prison's medical block." (*Id.* at 22). However, Plaintiff is no longer confined at the Columbia County Prison and there is no indication that she will be returned there in the foreseeable future. Thus, any claims for injunctive or declaratory relief against the Columbia County Defendants are subject to dismissal. See *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (concluding that unless there is a reasonable likelihood that the prisoner will be returned to the prison against which he seeks injunctive relief, the prisoner's transfer out of the institution moots any claims for injunctive or declaratory relief).

---

[2] Plaintiff fails to state whether these allegations relate to her confinement at the Columbia County Prison or SCI-Muncy.

[3] Plaintiff appears to allege inadequate access to the law library at the Columbia County Prison and SCI-Muncy, as she sets forth allegations against Defendants at both facilities. (Doc. 14 at 10).

Upon review, the proposed amended complaint includes unrelated claims. (Doc. 14). The claims involve several individuals, regarding events at different correctional institutions, and do not arise out of the same transaction or occurrence, or series of transactions or occurrences. While Plaintiff will be granted an opportunity to file an amended complaint, she is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include separate, independent claims, would circumvent the filing fee requirements of the PLRA.

## IV. Conclusion

Plaintiff's motion for leave to file an amended complaint will be conditionally granted. Plaintiff's proposed amended complaint violates Federal Rules of Civil Procedure 8 and 20, however she will be afforded the opportunity to file a proper proposed amended complaint. To the extent that Plaintiff believes that she has been subjected to more than one violation of her rights, and inasmuch as these violations are unrelated to each other, Plaintiff should

file separate complaints addressing each violation.

An appropriate order will issue.

Date: October 9, 2015

Robert D. Mariani
United States District Judge